FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2022 AUG 25 PM 1:46

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　CASE NO. 3:22-cr-108-MMH-PDB
　　　　　　　　　　　　　　　　18 U.S.C. § 1344
　　　　　　　　　　　　　　　　18 U.S.C. § 1341
　　　　　　　　　　　　　　　　42 U.S.C. § 408(a)(7)(B)
　　　　　　　　　　　　　　　　18 U.S.C. § 1028A(a)(1)

CARMEL LINOT
　a/k/a Linot Carmel

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Bank Fraud)

**A. Introduction**

At all times material to this Indictment:

1. The defendant, CARMEL LINOT, was a resident of Middle District of Florida.

2. Community First Credit Union was a financial institution doing business in the Middle District of Florida, and elsewhere, and its accounts were federally insured by the National Credit Union Administration.

### B. Scheme and Artifice

3.     From in or about December 2021, and continuing through in or about March 2022, in the Middle District of Florida, and elsewhere, the defendant,

CARMEL LINOT<br>
a/k/a Linot Carmel,

did knowingly and intentionally devise a scheme and artifice to defraud a financial institution and to obtain monies, funds, and credits under the custody and control of Community First Credit Union, a financial institution with accounts federally insured by the National Credit Union Administration, by means of materially false and fraudulent pretenses and representations.

### C. Manner and Means

4.     The manner and means by which the defendant carried out the scheme and artifice to defraud included, but were not limited to the following:

a.     It was part of the scheme and artifice to defraud in the Middle District of Florida, and elsewhere, that the defendant obtained the means of identification of another person, that is, the Social Security number of M.A.

b.     It was further part of the scheme and artifice to defraud that the defendant obtained a counterfeit Georgia driver's license in the name of "Linot Carmel."

c.     It was further part of the scheme and artifice that on or about December 16, 2021, the defendant went to the Community First Credit Union (CFCU) web-site.

2

  d. It was further part of the scheme and artifice that on or about December 16, 2021, using the identity of "Linot Carmel," the defendant began the on-line application process to open a bank account under the identity of "Linot Carmel."

  e. It was further part of the scheme and artifice that on or about December 16, 2021, as part of the process to open a bank account, the defendant provided CFCU a counterfeit Georgia driver's license in the name "Linot Carmel."

  f. It was further part of the scheme and artifice that on or about December 16, 2021, as part of the process to open a bank account, the defendant provided CFCU with fraudulent employment information.

  g. It was further part of the scheme and artifice that on or about December 16, 2021, as part of the process to open a bank account, the defendant certified to CFCU that the information he provided was correct.

  h. It was further part of the scheme and artifice that on or about December 16, 2021, the defendant obtained a personal bank account at CFCU in the identity of "Linot Carmel." At the time of the opening of the bank account, the defendant knew the application contained materially false and fraudulent representations.

  i. It was further part of the scheme and artifice that on or about December 23, 2021, the defendant went to the CFCU web-site.

j. It was further part of the scheme and artifice that on or about December 23, 2021, using the identity of "Linot Carmel," the defendant began the on-line application process to obtain a CFCU Visa credit card under the identity of "Linot Carmel."

k. It was further part of the scheme and artifice that on or about December 23, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant provided or caused to be provided to CFCU fraudulent driver's license information.

l. It was further part of the scheme and artifice that on or about December 23, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant provided CFCU with fraudulent employment information.

m. It was further part of the scheme and artifice that on or about December 24, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant went to a CFCU branch located in Duval County, Florida.

n. It was further part of the scheme and artifice that on or about December 24, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant provided or caused to be provided to CFCU fraudulent driver's license information.

o. It was further part of the scheme and artifice that on or about December 24, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant provided or caused to be provided to CFCU fraudulent employment information.

p.  It was further part of the scheme and artifice that on or about December 24, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant paid a $35 fee to expedite the shipping of the CFCU Visa credit card to him.

q.  It was further part of the scheme and artifice that on or about December 24, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant promised CFCU that the information he provided was correct.

r.  It was further part of the scheme and artifice that on or about December 24, 2021, the defendant completed the application process to obtain a CFCU Visa credit card in the identity of "Linot Carmel." At the time of applying for the CFCU Visa credit card, the defendant knew the application contained materially false and fraudulent representations.

s.  It was a further part of the scheme and artifice to defraud that the defendant would and did mispresent, hide, and conceal, and cause to be mispresented, hidden, and concealed, acts performed in furtherance of the scheme.

### D. Execution of the Scheme

5. On or about the date set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**CARMEL LINOT**
a/k/a Linot Carmel,

knowingly and intentionally executed and attempted to execute the aforesaid scheme and artifice, by causing the fraudulent transaction described below:

| COUNT | DATE | FINANCIAL INSTITUTION | TRANSACTION |
|---|---|---|---|
| ONE | December 16, 2021 | Community First Credit Union | Initiation of application for opening a new bank account |

All in violation of 18 U.S.C. § 1344.

## COUNT TWO
### (Mail Fraud)

### A. Introduction

At all times material to this Indictment:

6. Community First Credit Union was a business that, among other products, offers individuals the ability to obtain a credit card. Community First Credit Union did business in the Middle District of Florida, and elsewhere.

6

### B. Scheme and Artifice

7. From in or about December 1, 2021, and continuing through in or about December 31, 2021, in the Middle District of Florida, and elsewhere, the defendant,

CARMEL LINOT
a/k/a Linot Carmel,

the defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means

8. The manner and means by which the defendant carried out the scheme and artifice to defraud included, but were not limited to the following:

   a. It was part of the scheme and artifice to defraud in the Middle District of Florida, and elsewhere, that the defendant obtained a personal bank account at Community First Credit Union (CFCU) in the identity of "Linot Carmel." At the time of the opening of the bank account, the defendant knew the application contained materially false and fraudulent representations.

   b. It was further part of the scheme and artifice that on or about December 23, 2021, the defendant went to the CFCU web-site.

   c. It was further part of the scheme and artifice that on or about December 23, 2021, using the identity of "Linot Carmel," the defendant began the

on-line application process to obtain a CFCU Visa credit card under the identity of "Linot Carmel."

   d. It was further part of the scheme and artifice that on or about December 23, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant provided or caused to be provided to CFCU fraudulent driver's license information.

   e. It was further part of the scheme and artifice that on or about December 23, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant provided CFCU with fraudulent employment information.

   f. It was further part of the scheme and artifice that on or about December 24, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant went to a CFCU branch located in Duval County, Florida.

   g. It was further part of the scheme and artifice that on or about December 24, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant provided or caused to be provided to CFCU fraudulent driver's license information.

   h. It was further part of the scheme and artifice that on or about December 24, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant provided or caused to be provided to CFCU fraudulent employment information.

   i.  It was further part of the scheme and artifice that on or about December 24, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant paid a $35 fee to expedite the shipping of the CFCU Visa credit card to him.

   j.  It was further part of the scheme and artifice that on or about December 24, 2021, as part of the process to obtain a CFCU Visa credit card, the defendant promised CFCU that the information he provided was correct.

   k.  It was further part of the scheme and artifice that on or about December 24, 2021, the defendant completed the application process to obtain a CFCU Visa credit card in the identity of "Linot Carmel." At the time of applying for the CFCU Visa credit card, the defendant knew the application contained materially false and fraudulent representations.

   l.  It was a further part of the scheme and artifice to defraud that the defendant would and did mispresent, hide, and conceal, and cause to be mispresented, hidden, and concealed, acts performed in furtherance of the scheme.

### D. Execution of the Scheme - Mailing

9.  On or about the date set forth below, in the Middle District of Florida, and elsewhere, the defendant,

CARMEL LINOT<br>
a/k/a Linot Carmel,

for the purpose of executing the scheme and artifice to defraud and for obtaining money and property by means of material false and fraudulent pretenses and

9

representations, deposited and caused to be deposited the below listed item, to be sent and delivered by United States Mail and commercial interstate carrier as set forth below, to the address listed below:

| COUNT | DATE | ITEM MAILED | CARRIER UTILIZED | MAILED FROM | MAILED TO |
|---|---|---|---|---|---|
| TWO | December 28, 2021 | Visa Credit Card | FedEx | Virginia | Linot Carmel Titusville, Florida |

All in violation of 18 U.S.C. § 1341.

## COUNTS THREE AND FOUR
### (Falsely Representing a Social Security Number)

10. On or about the dates set forth below, in the Middle District of Florida, the defendant,

CARMEL LINOT
a/k/a Linot Carmel,

for the purpose of obtaining something of value and for other purposes, did knowingly and with the intent to deceive another person and organization, falsely represent to Community First Credit Union, his Social Security number to be a certain Social Security number, when in fact, as the defendant well knew, that the certain Social Security number was not assigned to the defendant, as set for below:

| COUNT | DATE | FINANCIAL INSTITUTION | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| THREE | December 16, 2021 | Community First Credit Union | XXX-XX-4939 |
| FOUR | December 24, 2021 | Community First Credit Union | XXX-XX-4939 |

In violation of 42 U.S.C. § 408(a)(7)(B).

## COUNTS FIVE AND SIX
### (Aggravated Identity Theft)

11.  On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

CARMEL LINOT
a/k/a Linot Carmel,

did knowingly possess and use without lawful authority, a means of identification of another person, that is, the Social Security number of the individual listed below, during and in relation to a felony enumerated in 18 U.S.C. § 1028A, that is, bank fraud, in violation of 18 U.S.C. § 1344, mail fraud, in violation of 18 U.S.C. § 1341, and falsely representing a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B), as described below:

| COUNT | DATE | INDIVIDUAL | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| FIVE | December 16, 2021 | M.A. | XXX-XX-4939 |

| SIX | December 24, 2021 | M.A. | XXX-XX-4939 |

In violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. §§ 981(2)(1)(C) and 982(a)(2)(A), and 28 U.S.C § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1344, the defendant[s] shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3. Upon conviction of a violation of 18 U.S.C. § 1341, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████
Foreperson

ROGER B. HANDBERG
United States Attorney

By: *Kevin C. Frein*
Kevin C. Frein
Assistant United States Attorney

By: *Kelly S. Karase*
Kelly Karase
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
8/24/22 Revised

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

CARMEL LINOT
a/k/a Linot Carmel

INDICTMENT

Violations: CT 1: 18 U.S.C § 1344
CT 2: 18 U.S.C. § 1341
CTs 3-4: 42 U.S.C. § 408(a)(7)(B)
CTs 5-6: 18 U.S.C. § 1028A(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 25th day

of August, 2022.

_Megan Q. Chaddock_____
Clerk

Bail   $_____

GPO 863 525